## ABRAHAM C. STOREBO v. LOVISA NYBERG.[1]

May 2, 1924.

No. 23,939.

**Landlord and tenant.**

Cropper entitled to compensation for hauling manure for following season to land which landlord subsequently sold and tenant vacated. [Reporter.]

Action in the municipal court of Minneapolis to recover $882. The case was tried before C. L. Smith, J., and a jury which returned a verdict for

[1]Reported in 198 N. W. 998.

$193.52. From an order denying her motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*A. T. Larson*, for appellant.

*K. T. Dahlen*, for respondent.

PER CURIAM.

In December, 1921, plaintiff rented from defendant, for a term of three years, a ten-acre tract of land near the city of Minneapolis for a truck garden. Defendant reserved the right to sell the land, and the lease provided that, if a sale were made after crops had been planted, plaintiff should have the right to harvest the crops; that, if a sale were made before the crops were planted, plaintiff should receive fair compensation for preparing the ground for cropping. Defendant sold the land after the crop of 1922 had been harvested. Plaintiff had hauled 30 loads of manure from the city of Minneapolis to the land for the purpose of fertilizing it for the crop of 1923. Four of these loads had been spread upon the land. The remaining 26 loads had been deposited in piles along a roadway at the edge of the land. Defendant does not dispute the right to recover for the 4 loads which had been spread, but contends that plaintiff remained the owner of the 26 loads and is not entitled to compensation for hauling them. They still remain in piles along the roadway. The court instructed the jury that: "Plaintiff is entitled to recover whatever it was worth for hauling that manure out there."

Whether the court erred in so ruling, instead of submitting to the jury the question whether such hauling was work in preparing the land for the next crop, is the only question presented.

There is no dispute as to the facts. For the purpose of fitting the land to produce a crop the next season, plaintiff procured and hauled this manure upon it. When notified that his lease had been terminated by a sale of the property, he vacated the premises, leaving the manure thereon. If he in fact had the right to remove it, he lost that right by failing to do so at the time he voluntarily surrendered possession. We think that the undisputed facts show that he was entitled, as a matter of law, to compensation for the work performed.

Order affirmed.